UNITED STATES of America, Appellee,

v.

John Thomas KOEN, Appellant.

No. 94–1426.

United States Court of Appeals, Eighth Circuit.

Submitted July 25, 1994.

Decided Aug. 9, 1994.

William M. Ravkind, Dallas, TX, for appellant.

Edward J. Rogers, Asst. U.S. Atty., St. Louis, MO, for appellee.

Before FAGG, WOLLMAN, and BEAM, Circuit Judges.

PER CURIAM.

A grand jury indicted John Thomas Koen on one count of conspiracy to distribute and/or possess with intent to distribute cocaine and one count of money laundering. His first trial ended in a mistrial when the jury was unable to agree on a verdict. The jury in his second trial found him guilty on the conspiracy count and not guilty on the money laundering count. Koen argues on appeal that he was convicted on conduct not found by the grand jury. We affirm.

The grand jury charged:

Beginning at a time unknown to the Grand Jury and continuing through on or about February of 1989, in the Eastern District of Missouri and elsewhere, John Thomas Koen ... and other diverse persons both known and unknown to the Grand Jury, did unlawfully, knowingly and intelligently, combine, conspire, confederate, and agree together to commit [the offenses of distribution and/or possession with intent to distribute cocaine].

Government witnesses James Vitale and Alfred J. Giuffrida, Jr. testified to a conspiracy in which Koen delivered cocaine to them beginning in mid–1988 and ending in February 1989. Koen testified in his own defense that in order to pay a gambling debt he owed to Vitale, he delivered cocaine to Vitale and Giuffrida several times in October 1987. Koen testified that he told Vitale he would not make any future deliveries, that Vitale asked him to find another cocaine source, and that he introduced Vitale to Michael Doty as a new source for cocaine.

The government argued in closing that the jury should convict based on the government's evidence. It added that Koen's own testimony also could implicate him in the conspiracy alleged in the indictment because, although Koen's deliveries in October 1987 would constitute actions taken as part of a separate conspiracy, Koen's introduction of a source for cocaine to Vitale would make him part of the conspiracy that continued until 1989.

The court had previously read the indictment to the jury and instructed the jury that "[e]ven if the evidence in the case shows the defendant was a member of some conspiracy, but that this conspiracy is not the single conspiracy charged in the indictment, you must acquit defendant Koen. Unless the government proves existence of the single overall conspiracy described in the indictment beyond a reasonable doubt as to defendant Koen, you must acquit him."

During deliberations, the jury sent a note to the court asking: "When we are considering the indictment, number one, is the time [Koen] acted as a mule and readily admits to functioning as a mule a time frame we can consider, or is the time frame only December of 1988?" The court answered: "In response to your question, you are to be guided by my instructions." The jury then returned a verdict of guilty on the conspiracy count.

Koen argues that his right to a fair trial was infringed because the jury was permitted to convict him of an offense other than that charged in the indictment. Specifically, he argues that the grand jury could not have charged him with illegal conduct in 1987 because he did not testify before the grand jury and he was the only person who testified at trial to the 1987 conduct. He argues that the government's closing argument and the district court's refusal to advise the jury that the 1987 conduct had not been found by the grand jury amounted to a constructive amendment of the indictment because it permitted the jury to convict him of the conspiracy count based on the 1987 conduct.

■ "An amendment occurs 'when the essential elements of the offense set forth in the indictment are altered, either actually or in effect, by the prosecutor or the court after the grand jury has passed upon them.'" *United States v. Huntsman,* 959 F.2d 1429, 1435 (8th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992) (quoting *United States v. Begnaud,* 783 F.2d 144,

147 n. 4 (8th Cir.1986)). Because an amendment usurps the constitutionally guaranteed role of the grand jury, it is reversible error per se. *See id.*

We fail to see how the essential elements of the indicted offense were altered by the prosecutor or court in the present case. The indictment did not state a date upon which the conspiracy began. It was the defense, not the government, that introduced the evidence of Koen's activities prior to 1988. The judge instructed the jury regarding multiple conspiracies as requested by the defense and admonished the jury to follow his instructions in response to the jury's question.

We also do not perceive a fatal variance. A variance occurs when the charging terms are left unaltered but the evidence offered at trial proves facts different from those alleged in the indictment. *Id.* A variance is cause for reversal only if the variance actually prejudiced the defendant. *Begnaud,* 783 F.2d at 148. Koen was not prejudiced in his defense: any variance that occurred between the evidence at trial and the facts alleged in the indictment originated from Koen's own testimony.

The judgment is affirmed.